IN THE SUPREME COURT OF THE STATE OF DELAWARE

BAILEY BYNESS,[1]          § 
         § No. 295, 2026
    Petitioner Below,      §
    Appellant,        § Court Below: Family Court
         § of the State of Delaware
    v.          §
         § File No. CN25-05178
KATRINA CALLOWAY,     § Petition No. 25-27309
         §
    Respondent Below,    §
    Appellee.        §

Submitted: July 27, 2026
Decided: July 31, 2026

Before **SEITZ**, Chief Justice; **TRAYNOR** and **GRIFFITHS**, Justices.

## ORDER

(1)    The appellant ("Father") is incarcerated at the James T. Vaughn Correctional Center ("JTVCC"). On July 14, 2026, the Court received a motion and affidavit to proceed *in forma pauperis* (the "IFP application"). In the IFP application, Father indicated that he was appealing from a Family Court order, dated and docketed on May 29, 2026, denying his petition for visitation with his minor child. Under Supreme Court Rules 6 and 11, the last day for filing a notice of appeal from that order was June 29, 2026.[2] The Senior Court Clerk of this Court deemed the IFP

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).
[2] *See* DEL. SUPR. CT. R. 6(a)(i) (providing that a notice of appeal in a civil case shall be filed "[w]ithin 30 days after entry upon the docket of a judgment, order or decree from which the appeal is taken"); *id.* R. 11(a) (providing that if the time period for filing ends on a day when the Clerk's office is closed, the period shall run until the end of the next day that the office is open).

application to be a notice of appeal for docketing purposes and issued a notice directing Father to show cause why the appeal should not be dismissed as untimely filed.[3]

(2) In response to the notice, Father states that there are issues with inmate mail at JTVCC. He invokes the prison "mailbox rule" and asserts that he placed his notice of appeal in the prison's internal mail system on June 21, 2026, within the time period for appealing the May 29 order. He states that the Court should have received his notice of appeal, because he mailed it two days earlier than his motion and affidavit to proceed *in forma pauperis* (the "IFP application").

(3) Timely commencement of an appeal is a jurisdictional requirement.[4] Unless the appellant satisfies 10 *Del. C.* § 147(b)(1) and Supreme Court Rule 6(a)(iii)(C) or can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, a notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period to be effective.[5]

(4) Father cannot demonstrate compliance with Section 147(b)(1) and Rule 6(a)(iii)(C). Those provisions apply only to appeals in criminal actions.[6] Delaware

---

[3] The notice to show cause also notified Father that the Court had not received a formal notice of appeal.

[4] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[5] *Price v. State*, 2025 WL 2304986, at *1 (Del. Aug. 8, 2025); DEL. SUPR. CT. R. 10(a).

[6] *See* 10 *Del. C.* § 147 (governing appeals to the Supreme Court from the Superior Court in criminal actions); DEL. SUPR. CT. R. 6(a)(iii) (applying to appeals in criminal actions).

does not have a prison mailbox rule for civil actions.[7] Nor has Father demonstrated that the untimely filing is attributable to court-related personnel. Father's IFP application was postmarked July 2, 2026, after the appeal filing deadline, and addressed to the Superior Court prothonotary. The appeal must be dismissed.[8]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[7] *See Welsch v. Div. of Family Servs.*, 2019 WL 4464027, at *1 (Del. Sept. 17, 2019) (dismissing untimely appeal from order terminating incarcerated parent's parental rights, and stating that "Delaware has declined to adopt the prison mailbox rule, wherein a *pro se* prisoner's notice of appeal is deemed 'filed' at the moment it is delivered to prison authorities for forwarding to the Court"). In 2025, Section 147 and Rule 6 were amended to adopt a prison mailbox rule for criminal appeals only.

[8] *See Gerrans v. Sanovas, Inc.*, 2024 WL 4362266, at *1 (Del. Sept. 30, 2024) ("Gerrans's mailing of the notice of appeal to the Register in Chancery rather than to this Court is not attributable to court-related personnel."); *Zuppo v. State*, 2011 WL 761523, at *1 (Del. Mar. 3, 2011) ("Prison personnel are not court-related personnel. Consequently, any delay allegedly caused by prison personnel cannot excuse an untimely appeal." (citations omitted)). As noted above, the Court has received only the IFP application, not a document captioned as a notice of appeal. But even accepting Father's representation that he mailed a notice of appeal two days before the IFP application was postmarked—that is, June 30—it could not have been received by the Clerk before the June 29 filing deadline. In any event, postal delays also are not attributable to court-related personnel. *See Kreider v. State*, 2012 WL 2979015, at *1 (Del. July 20, 2012) ("Neither employees of the Department of Correction, or the United States Postal Service . . . are court personnel.").